UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MAURICE SNOWDEN, | : | |
| Plaintiff, | : | CASE NO. 3:23-cv-1204 (MPS) |
| | : | |
| v. | : | |
| | : | |
| JOHN DOE, et al., | : | |
| Defendants. | : | NOVEMBER 5, 2024 |
| | : | |

**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL DEPOSITION TESTIMONY AND TO AMEND SCHEDULING ORDER**

Before the Court is the defendants' Motion to Compel Deposition Testimony and to Amend Scheduling Order (ECF No. 57). The defendants seek sanctions, an order compelling the plaintiff to submit to a third deposition, additional time to conduct that deposition, and an extension of deadlines. *See id.* at 1. The plaintiff has not filed a response. For reasons that follow, the defendants' motion is GRANTED.

**BACKGROUND**

The defendants filed a motion for leave to depose the plaintiff in June of this year. ECF No. 47. The Court granted that motion. ECF No. 48. The defendants filed a motion to compel disclosures and deposition testimony in August after the plaintiff "provided no initial disclosures and, without previously objecting, declined to produce any of the documents requested, to take an oath, or to answer any questions at his August 6, 2024 deposition." ECF No. 50 at 1. The Court granted the defendants' motion to compel, ordering the plaintiff to produce initial disclosures by September 17, 2024, and to testify at a deposition no later than October 8, 2024. *See* ECF No. 51. The Court also warned the plaintiff that "[f]ailure to comply with these discovery obligations may result in sanctions, up to and including dismissal of this action." *Id.*

The Court extended the deadline to depose the plaintiff to October 8, 2024, and extended the deadline to pursue other discovery to November 5, 2024. *Id.*

The defendants have now filed a second motion to compel the plaintiff to provide testimony at a deposition. *See* ECF No. 57. The parties scheduled a deposition for September 26, 2024. ECF No. 57-6 at 1. The defendants provided notice to the plaintiff of the deposition. *See* ECF No. 57-4. The plaintiff, counsel for defendants, and a court reporter were present for that deposition. *See* ECF No. 57-6 at 2, 6. The plaintiff was not cooperative during the deposition. He claimed that he did not know the deposition was supposed to occur that day. *See id.* at 6. The plaintiff believed that the parties had continued the deposition for six months and that an attorney would represent the plaintiff at the deposition. *See id.* at 10. The plaintiff maintained he was not prepared for the deposition. *See id.* at 12.

The plaintiff eventually submitted to questions after he was sworn. *See id.* at 20–21. The plaintiff testified that his Zyprexa medication would prevent him from testifying. *Id.* at 24. He did not recall receiving the notice for the deposition. *Id.* at 29. However, the plaintiff had sent documents to the defendants that were requested in the notice for the deposition. *See id.* at 30. The plaintiff did not bring any other documents to the deposition because he did not know it was going to take place. *Id.* at 34. The plaintiff answered a series of questions with "I can't remember," *see*, *e.g.*, *id.* at 39–40, and refused to answer questions related to his history of boxing. *See id.* at 38. The plaintiff then began stating that he did not understand the questions. *See id.* at 41. The plaintiff indicated that he was "[m]entally, just not ready" for the deposition. *Id.* at 42. The deposition was terminated. *See id.* at 43.

2

**DISCUSSION**

The defendants bring this motion under Rules 30 and 37(a) of the Federal Rules of Civil Procedure. *See* ECF No. 57 at 1. Rule 30(a)(1) provides that "[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Fed. R. Civ. P. 30(a)(1). Rule 30(a)(2) provides that "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) . . . if the deponent is confined in a prison." Fed. R. Civ. P. 30(a)(2)(B). The deposing party must provide written notice to the deponent. *See* Fed. R. Civ. P. 30(b)(1).

At the deposition, "[t]he examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615." Fed. R. Civ. P. 30(c)(1). Any objections made during the examination "must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection." Fed. R. Civ. P. 30(c)(2). "The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). "Rule 37(a)(5) applies to the award of expenses." Fed. R. Civ. P. 30(d)(3)(C).

Under Rule 37(a), a party may "move for an order compelling an answer, designation, production, or inspection . . . . if . . .a deponent fails to answer a question asked under Rule 30 or 31." Fed. R. Civ. P. 37(a)(3)(B)(i). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). If the party's motion to compel is granted, the Court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's

3

reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

The defendants were permitted to depose the plaintiff under Fed. R. Civ. P. 30(a)(1). The defendants sought leave under Fed. R. Civ. P. 30(a)(2)(B) to depose the plaintiff in prison. *See* ECF No. 47. The defendants then sent written notice to the plaintiff of the deposition, as required by Fed. R. Civ. P. 30(b)(1). *See* ECF No. 57-4. The plaintiff testified at his deposition that he did not remember receiving the notice, *see* ECF No. 57-6 at 29, but he provided documents to the defendants that the written notice requested. *See id.* at 30.

While at the deposition, the plaintiff "impede[d], delay[ed], or frustrate[d]" the defendants' examination of him, Fed. R. Civ. P. 30(d)(2), by failing to answer the questions posed to him. *See*, *e.g.*, ECF No. 38–40. Thus, the defendants were entitled to file a motion to compel under Fed. R. Civ. P. 37(a)(3)(B)(i). The Court concludes from reviewing the deposition transcript attached to defendant's motion that the plaintiff provided "evasive or incomplete" answers to questions posed by the defendants. Fed. R. Civ. P. 37(a)(4). He answered a series of questions with "I can't remember," *see*, ECF No. 57-6 at 39–40, and refused to answer questions relevant to his claim. *See id.* at 38.

The Court has provided the defendant an opportunity to explain his failure to respond to the questions by waiting over twenty-one days to file this order, *see* D. Conn. L. Civ. R. 7(a)(2) ("Unless otherwise ordered by the Court, all opposition memoranda shall be filed within twenty-one (21) days of the filing of the motion . . ."), but the plaintiff has not filed a response to the defendants' motion to compel. Accordingly, the Court "must . . . require the party or deponent whose conduct necessitated the motion" (in this instance, the plaintiff) "to pay the movant's

4

reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

The defendants have expended $435.60 on a court reporter in their attempts to depose the plaintiff. *See* ECF No. 57-13 at 1–2 (court reporter invoices). The Court awards these "reasonable expenses" to the defendants under Fed. R. Civ. P. 37(a)(5)(A). *See*, *e.g.*, *Skyline Risk Mgmt., Inc. v. Legakis*, 2023 WL 3558774, at *3 (S.D.N.Y. Apr. 26, 2023) (citing *Burks v. Stickney*, 837 F. App'x 829, 832-833 (2d Cir. 2020) (upholding a sanctions award for the expenses incurred by "a party's failure to attend his own deposition")) (awarding "reasonable expenses" of court reporter, travel, and exhibit binder to defendants under Fed. R. Civ. P. 37(d) after plaintiff failed to appear for his deposition).

Defendants further request the Court to order the plaintiff to sit for a deposition before November 22, 2024. ECF No. 57. A defendant in a civil action is entitled to depose the party that filed suit against it. *Shaw v. Yale New Haven Hosp.*, 2019 WL 3252154, at *7 (D. Conn. July 19, 2019) (collecting cases from this district concluding that defendants have the right to depose the plaintiff). The Court granted leave to defendants to depose the plaintiff in prison. *See* ECF No. 48. The plaintiff must submit to a deposition in good faith. He must truthfully answer all questions put to him unless he asserts an appropriate privilege which would provide a basis for not answering the question posed. Failure of the plaintiff to comply with this order may result in the imposition of sanctions, including, without limitation, the dismissal of his complaint. *See* Fed. R. Civ. P. 37(b)(2)(A)(v).

Lastly, the defendants request an additional three hours to conduct the deposition. Rule 30(d)(1) of the Federal Rules of Civil Procedure provides that, "[u]nless otherwise authorized by

the court or stipulated by the parties, a deposition is limited to one day or seven hours." Fed. R. Civ. P. 30(d)(1). But "[t]he court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination." *Id.* Because the Court has determined that the plaintiff impeded the defendants' previous attempts to depose him, the Court must allow the defendants additional time to depose plaintiff on a third attempt. *See id.* Accordingly, the defendants are permitted to depose plaintiff for a total of ten hours. The date for and manner of the deposition will be selected by defense counsel, who will send notice to plaintiff of the deposition date and manner (video or in-person).

**CONCLUSION**

The defendant's Second Motion to Compel Deposition Testimony and Amend Scheduling Order, ECF No. 57, is **GRANTED**. Costs are assessed against the plaintiff in the amount of $435.60. The plaintiff must submit to a deposition by **November 29, 2024**, and participate in good faith. The defendants are given ten hours to depose the plaintiff. The plaintiff must answer all questions posed to him unless he asserts an appropriate privilege. Failure to do so will result in further sanctions, including dismissal.

**The plaintiff is specifically warned that if he fails to comply with this order by failing to provide answers to questions about the case at a deposition, the court may dismiss his case.**

The deadline to depose plaintiff is extended to **November 29, 2024**. The deadline to pursue discovery based on the plaintiff's disclosures or testimony is extended to **December 27, 2024**. Dispositive motions are now due on or before **January 31, 2025**.

**SO ORDERED** this 5th day of November 2024 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge